PEOPLE *v.* WRIGHT.

1. TRIAL—JURY — CREDIBILITY OF WITNESSES—VOIR DIRE EXAM-
INATION—CRIMINAL LAW.

In a prosecution for larceny, no error was committed by the
trial court, on the examination of the jurors by respondent's
counsel, in excluding questions as to any opinions the jurors
may have formed concerning the credibility of the complain-
ing witness from testimony which he gave in a previous
trial, when the record contained only part of such examina-
tion, and did not show what examination was actually per-
mitted.

2. SAME—CRIMINAL LAW—CHALLENGES.

Respondent, not having exhausted his peremptory challenges,
was not prejudiced by the fact that four jurors, who sat in
the trial, had been jurors in a previous prosecution against a
woman charged with keeping a house of ill-fame, wherein
the complaining witness, and other proposed witnesses
against respondent, had given evidence.

Error to the superior court of Grand Rapids; Stuart, J.
Submitted April 18, 1912. (Docket No. 134.) Decided
May 3, 1912.

John Wright was convicted of larceny. Affirmed.

*Earl F. Phelps,* Prosecuting Attorney, and *Louis T.
Herman,* Assistant Prosecuting Attorney, for the people.

*James J. Noon,* for respondent.

MOORE, C. J. The respondent was convicted of the
larceny of the money of James Howard. The record
shows, among other things, as follows:

"Alice Stearns was tried in the superior court of Grand
Rapids under an information charging her with keeping
a house of ill-fame, and on the 28th day of January, 1911,
was found guilty and later sentenced to the Detroit House
of Correction. Among other names indorsed on the in-

formation in the case of Alice Stearns were the following: James Howard, Peter Vergiver, Alex. McDonald, and Benjamin Havens, who were all sworn as witnesses upon the said trial of Alice Stearns. All of said witnesses, viz., James Howard, Peter Vergiver, Alex. McDonald, and Benjamin Havens, were also witnesses in the case of *People* v. *John Wright*, defendant and appellant. Among the jurors who sat in the case of *People* v. *Alice Stearns* and rendered a verdict of guilty were the following: H. J. Menall, Charles Alt, Roelf Meyering, and W. E. Northrop. These jurors named also sat as jurors in the case of *People* v. *John Wright*, defendant and appellant, which said trial of John Wright, defendant and appellant, immediately followed the trial of Alice Stearns. * * * Before the jury was sworn, defendant, by his counsel, for the purpose of testing the competency of the jurors who had been sworn to true answers make to such questions as were put to them as to their competency to sit as jurors, asked certain jurors certain questions, when the following occurred:

"*Juror Northrop* (examined by Mr. Allen): Have you any opinion as to whether that man (referring to complaining witness, James Howard), at the time this transaction started, on the question of whether this man was intoxicated or not?

"*Mr. Herman:* I object to that as being an improper question to the juror.

"*The Court.* Sustained.

"*Mr. Allen:* An exception.

"*Juror Meyering* (examination by Mr. Allen, referring to Stearns case): You saw the witness, complaining witness—he is to be the complaining witness in this case? You saw him on the stand, didn't you?

"*A.* I did.

"*Q.* Heard his testimony?

"*A.* I did.

"*Q.* From the knowledge that you derived of that man upon the witness stand, have you any opinion as to his credibility?

"*The Court:* Just a minute. That question will not be answered.

"*Mr. Allen:* An exception.

"*Juror Alt* (examination by Mr. Allen): You were a juror in the other case, weren't you, in the Stearns case?

"*A.* Yes, sir.

"*Q.* Have you at this time any bias or prejudice in your mind as to the credibility of the complaining witness, who was sworn in that case?

"*Mr. Herman:* Same objection.

"*The Court:* Same ruling; objection is sustained.

"*Mr. Allen:* An exception.

"*Juror Menall* (examination by Mr. Allen): You sat on the other jury, didn't you?

"*A.* Yes, sir.

"*Q.* You know this man Howard?

"*A.* No, sir.

"*Q.* You heard his testimony in the Stearns case?

"*A.* Yes, sir.

"*Q.* Have you any opinion at this time on the question of whether the man who was the complaining witness in that case and who is the complaining witness in this case—have you any opinion, bias, or prejudice on the question of his credibility as a witness in this case?

"*Mr. Herman:* I object to that.

"*The Court:* Sustained.

"*Mr. Allen:* An exception. I wish to challenge the juror Meyering for cause.

"*The Court:* It will be denied.

"*Mr. Allen:* An exception.

"A jury was impaneled and sworn as follows: M. E. Van Vranken, William Vogel, Edwin Mosher, James Lamore, H. Vonk, William R. Young, Louis Hoffer, M. T. Newton, W. E. Northrop, Roelf Meyering, Charles Alt, H. J. Menall."

The above is all that the record contains upon the subject of the selection of the jury. It does not purport to contain all that occurred upon that subject, nor does it purport to contain all that occurred upon the trial. The contention of counsel is (we quote from the brief):

"The first five assignments of error raise one issue for determination; that is, Did the court err in his refusal to permit answers by the said jurors upon their *voir dire* examination to the questions propounded to them? The remaining assignment of error raises the other issue to be determined: Was it error in the court to permit the jurors Northrop, Meyering, Alt, and Menall to sit and serve as jurors upon the trial of John Wright? We claim the court erred in both instances."

The primary object of the *voir dire* examination is to secure a fair and impartial jury. It involves the right to have the jurors sworn and examined as to their qualifications, and it is error for the court to deny the right. 24 Cyc. p. 337. Considerable latitude in practice should be indulged in. *Id.* p. 340, note 38.

Counsel rely especially upon *People* v. *Peck*, 139 Mich. 680 (103 N. W. 178). It will be observed that it cannot be learned just what examination was allowed by the trial judge. The questions that were put by counsel and were excluded by the court were quite different from those passed upon by the authorities cited. In the case before us the questions put to the witness involve the attitude of the juror toward a single witness. In the case of *People* v. *Peck*, *supra*, the question related to what the juror would do after all the testimony was in, which we think distinguishes the cases. We are not able to say from the record that counsel were not permitted all the latitude in examining the jurors that was necessary to determine whether they were competent to render an impartial verdict upon the evidence in the case. We are content with the rule in *People* v. *Peck*, *supra*, but are not inclined to extend it. This disposes of the first five assignments of error.

We now come to the second question presented by counsel:

"Was it error in the court to permit the jurors, Northrop, Meyering, Alt, and Menall to serve as jurors upon the trial of John Wright?"

The case against Alice Stearns was not connected in any way with the charge of larceny against the respondent. The fact that the people expected to call some of the same witnesses in the last-named case who had testified in the first-named case did not affect the question of the competency of a juror in the first case to sit in the second one. A proper examination of the juror would disclose whether he was competent to sit in the case or

not. The juror might be competent to sit in both cases. There is nothing disclosed by the record to show any impropriety in allowing these jurors to sit, especially so when it is not shown that respondent had exhausted his peremptory challenges.

The judgment is affirmed.

Steere, McAlvay, Brooke, Blair, Stone, and Ostrander, JJ., concurred. Bird, J., did not sit.